**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                    :
DAN LEAHY,                          :  CIVIL ACTION NO. 10-2503 (MLC)
                                    :
     Plaintiff,                     :  MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
I-FLOW CORPORATION, et al.,         :
                                    :
     Defendants.                    :
_____:
```

**COOPER, District Judge**

The plaintiff, who is a New Jersey citizen, brought this action in New Jersey state court against, among other defendants, the defendant Astrazeneca LP ("ALP") to recover damages pursuant to state law for personal injuries suffered from medical products. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)  The defendants removed the action to this Court pursuant to 28 U.S.C. § ("Section") 1332.  (Rmv. Not.)  The Court will remand the action.

**BACKGROUND**

**I.   Legal Background**

   **A.   Partnership's Citizenship**

A partnership is deemed to be a citizen of each state in which each partner comprising the partnership is deemed to be a citizen. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419-20 (3d Cir. 2010).  For instance, if one of the partners comprising a partnership is deemed to be a citizen of, among other places, New Jersey, then the partnership itself is deemed to be a citizen of, among other places, New Jersey as well.

**B.   Jurisdiction**

A defendant "may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants" under Section 1332. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005).

**C.   Fraudulent Joinder**

A plaintiff bringing an action in state court against more than one defendant commits "fraudulent joinder" if naming a defendant who is not of diverse citizenship solely to defeat removal under Section 1332. Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985). For example, a plaintiff who is a New Jersey citizen may not name a New Jersey citizen among the several defendants named in a state court action for the sole purpose of denying the defendants the opportunity to remove the action to federal court under Section 1332.

**II. Factual Allegations**

**A.   ALP's Citizenship**

ALP is a partnership. (Rmv. Not. at 7.) One of the partners comprising ALP — KBI Sub, Inc. — is deemed to be a citizen of, among other places, New Jersey. (Id.) Thus, ALP itself is deemed to be a citizen of, among other places, New Jersey.

**B.   Alleged Injuries**

The plaintiff alleges that ALP, in connection with its related defendants, Astrazeneca Pharmaceuticals LP ("APLP") and Zeneca Holdings Inc. ("ZHI"):

> research[ed], develop[ed], manufacture[d] and market[ed] [anesthetic drugs used in an anesthetic delivery system ("pain pump")] . . . including bupivacaine (marketed under the brand names Marcaine and Sensorcaine), ropivicaine [sic] (marketed under the brand name Naropin), and lidocaine (marketed under the brand name Xylocaine), with or without epinephrine, injectable anesthetic drugs used in the pain pumps manufactured and marketed by [other defendants].  At all times relevant hereto, [ALP, APLP, and ZHI were] engaged in New Jersey in the testing, manufacturing, labeling, marketing, distributing, promoting and/or selling the pain pump anesthetics.

(Compl. at 9.)

The plaintiff alleges that during shoulder surgery, his:

> surgeon affixed to Plaintiff's shoulder a pain pump with continuously injected anesthetic drugs.  Plaintiff's pain pump, through a catheter emanating from the pump and implanted under the skin, injected pain relief drugs directly into his shoulder joint on a continuous basis. . . .  The anesthetic drugs used were manufactured by the [defendants].

(Id. at 14 (paragraph designations deleted).)  The plaintiff alleges that his shoulder was injured as a result.  (Id. at 14-15.)[1]

**III. Motion Practice**

The plaintiff now moves to remand for lack of jurisdiction due to ALP's presence in the action.  (See generally dkt. entry

---

[1]  The Court has omitted most of the allegations against the other defendants.  The focus of the analysis for the purposes of remand will be on ALP.

3

no. 39, Pl. Br.; dkt. entry no. 50, Pl. Opp'n Br. to ALP's Cross Mot. to Dismiss ("Pl. Opp'n").)  ALP, APLP, and ZHI oppose the motion, and cross-move to dismiss the Complaint insofar as it is asserted against ALP on the ground that it has been fraudulently joined.  (See generally dkt. entry no. 38, ALP Br.)[2]

The plaintiff argues that he has alleged that (1) Marcaine was used in the pain pump, and (2) Marcaine and the pain pump caused his injuries.  (Pl. Br. at 5; Pl. Opp'n at 4.)  The plaintiff also argues that ALP had labeling and regulatory reporting responsibilities for Marcaine.  (Pl. Br. at 5.)

ALP argues that the plaintiff has acknowledged that ALP "divested [its] entire line of anesthetic drugs to other named defendants long before the . . . surgery at issue".  (ALP Br. at 2; see id. at 3-8.)  ALP also argues that ALP "has never manufactured, distributed, sold or marketed a product called 'Marcaine' in the United States."  (Dkt. entry no. 52, ALP 2d Br. at 1.)  ALP also argues that "[w]hen faced with similarly deficient pleadings in other pain pump litigation, other federal courts from across the country have not hesitated to dismiss

---

[2] The Court has the inherent power to control the docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991).  ALP, APLP, and ZHI requested dismissal before the plaintiff requested remand, but the Court will treat the plaintiff's request for relief as the motion, and the request for relief by ALP, APLP, and ZHI as the cross motion.

4

claims against [ALP] and other [similarly-situated defendants], albeit in the context of motions to dismiss". (ALP Br. at 18-19.)

The plaintiff replies that his medical records do not list the Marcaine's manufacturer, and thus he brought the action against all of the defendants involved with the manufacture of such anesthetics in order to avoid a statute of limitations issue. (Pl. Opp'n at 4.) He also argues that he continues to investigate which entity manufactured the Marcaine. (Id.)

**DISCUSSION**

A party raising a fraudulent joinder argument has a "heavy burden of persuasion" to show that the plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant. Boyer, 913 F.2d at 111. When addressing the issue of fraudulent joinder, the Court must (1) resolve in the plaintiff's favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that a defendant was properly joined if there is "even a possibility" that a state court would find that a complaint states a claim. Id. For a defendant to be found to be fraudulently joined, the claims asserted against that defendant must be "wholly insubstantial and frivolous". Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either

5

dismissal for failure to state a claim or summary judgment. See Briscoe, 448 F.3d at 217-18 (stating district court errs if a fraudulent joinder inquiry delves into a claim's merits); Batoff, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue). An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder". Batoff, 977 F.2d at 852. As a fraudulent joinder analysis is not as "penetrating", the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment. Id. at 852-53.

The plaintiff has not fraudulently joined ALP here, as the claims against ALP are not wholly insubstantial and frivolous. The Complaint is not a model of conciseness. But the Complaint does allege that the plaintiff was injured by ALP's product when it was used in conjunction with a medical device. ALP cannot argue that New Jersey law would bar this type of claim. Furthermore, the plaintiff's motivation to circumvent a potential statute of limitations issue by naming several defendants who may be responsible is reasonable. Cf. Brown, 575 F.3d at 327 (noting

6

that statute of limitations defense may be considered in connection with a fraudulent joinder inquiry).  Also, the plaintiff demonstrates an intention to proceed against ALP, as he states that he is attempting to ascertain whether ALP is connected to his injuries.  See Abels, 770 F.2d at 32 (stating action naming "Doe defendants" survived fraudulent joinder analysis, as plaintiff was endeavoring to proceed against them and to conduct discovery).

It may be that the claims asserted against ALP would not withstand a motion to dismiss on the merits, or that the parties would benefit from more-definite statements in the Complaint. Those concerns, however, are not relevant here.

## CONCLUSION

The Court will grant the plaintiff's motion to remand, deny the cross motion by ALP, APLP, and ZHI to dismiss, and remand the action.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper  
                                        **MARY L. COOPER**  
                                        United States District Judge

Dated:   December 21, 2010